1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA JAMES MULLENS,

Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,

Defendant.

CASE NO. C15-5442 BHS-KLS

ORDER TO SHOW CAUSE OR TO
AMEND

Plaintiff Joshua James Mullens filed this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis.*  Having reviewed and screened the Complaint under 28 U.S.C. § 1915(e), the Court declines to serve the complaint but provides Mr. Mullens leave to file an amended pleading by **July 31, 2015,** to cure the deficiencies identified herein.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).   In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.

1991).  The first step in a § 1983 claim is therefore to identify the specific constitutional right

allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To satisfy this second prong,

a plaintiff must allege facts showing how individually named defendants caused, or personally

participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350,

1355 (9th Cir. 1981).

      Mr. Mullens, who is currently incarcerated at the Olympic Correction Center, alleges that

on July 23, 2012 at the "12706 Brideport WA Lakewood WA at Texaco I was tased 10 times

nine in back one in neck and the one in neck being the last on.  And put in St. Clair's Hospital

and not charged for anything nor told anything wake up 30 hr. late and released from St. Clair's."

Dkt. 5, p. 3.  He asks that the Court "change the laws on how many times you can tase someone"

and to make it "illegal to tase in neck."  *Id.*, p. 4.  He seeks payment of hospital bills and

monetary damages for physical and emotional suffering.  *Id.*  Mr. Mullens has failed to state a

viable claim under 42 U.S.C. § 1983 on these facts.

      If Mr. Mullens intends to pursue a § 1983 civil rights action in this Court, he must file an

amended complaint and within the amended complaint, he must write a short, plain statement

telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person

who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or

inaction of that person is connected to the violation of his constitutional rights; and (5) what

specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S.

362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

      The Lakewood Police Department is not a legal entity capable of being sued under 42

U.S.C. § 1983.  In order to challenge the actions, policies or customs of a local governmental

unit, a plaintiff must name the county or city itself as a party to the action, and not the particular

municipal department or facility where the alleged violation occurred.  See *Nolan v. Snohomish*

*County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990); *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Additionally, "[a] municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondeat superior theory." *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir.2002) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  Therefore, a plaintiff who seeks to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury.  *Monell*, 436 U.S. at 691, 98 S.Ct. 2018.

Therefore, if Mr. Mullens seeks to hold the City of Lakewood liable, he must not only name the city as a defendant, he must also allege facts from which it can be inferred that an official policy of the city caused him injury.  Additionally or in the alternative, Mr. Mullens may amend his complaint to name a particular defendant or defendants and must allege facts sufficient to show that each of the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional right.

Mr. Mullens shall present the amended complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Mr. Mullen's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Mr. Mullen's rights.

1    If Mr. Mullens decides to file an amended civil rights complaint in this action, he is

2    cautioned that if the amended complaint is not timely filed or if he fails to adequately address the

3    issues raised herein on or before **July 31, 2015**, the Court will recommend dismissal of this

4    action **as frivolous pursuant to 28 U.S.C. § 1915.**

5    **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

6    **1983 civil rights complaint and for service.  The Clerk is further directed to send copies of**

7    **this Order and Pro Se Instruction Sheet to Plaintiff.**

8    **DATED** this 1st day of July, 2015.

9

10

11    Karen L. Strombom
      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24