1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

JOSHUA JAMES MULLENS,

6

Plaintiff,

7

v.

8

CITY OF LAKEWOOD, et al.,

9

Defendants.

CASE NO. C15-5442 BHS-KLS

ORDER DECLINING TO ADOPT
THE REPORT AND
RECOMMENDATION AND
REREFERRING FOR FUTHER
CONSIDERATION

10
11
12
13
14

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17), and Defendants City of Lakewood, Andrew Gildehaus, Aaron Grant, and Mark B. Holthause's ("Defendants") objections to the R&R (Dkt. 18).

15
16
17
18
19

On December 21, 2015, Judge Strombom issued the R&R recommending that the Court deny Defendants' motion to dismiss Plaintiff Joushua James Mullens's ("Mullens") complaint as time barred under the statute of limitations.  Dkt. 17.  On January 4, 2016, Defendants filed objections arguing Judge Strombom had incorrectly applied federal law instead of state law.  Dkt. 18[1].

20
21
22

[1] In their objections, Defendants refer to "the Commissioner."  *See* Dkt. 18.  Judge Strombom is a United States Magistrate Judge, not a commissioner.

1    The district judge must determine de novo any part of the magistrate judge's

2    disposition that has been properly objected to. The district judge may accept, reject, or

3    modify the recommended disposition; receive further evidence; or return the matter to the

4    magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

5    In this case, the Court agrees with Defendants that state substantive law controls.

6    *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980*), abrogation on other grounds*

7    *recognized by Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992) ("state statute of

8    limitations and the state tolling rules" govern federal civil rights actions).  Therefore, to

9    the extent that Judge Strombom concluded that Federal Rule of Civil Procedure 4(m)

10   controls the statute of limitations issue, the Court declines to adopt the R&R.

11   However, this does not resolve the issue of whether Mullens's claims are barred

12   by the statute of limitations.  "When justice requires, a trial court may toll the statute of

13   limitations; but courts should permit equitable tolling only sparingly." *Trotzer v. Vig*,

14   149 Wn. App. 594, 606–07 (2009).  "In Washington equitable tolling is appropriate when

15   consistent with both the purpose of the statute providing the cause of action and the

16   purpose of the statute of limitations." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998).  "The

17   predicates for equitable tolling are bad faith, deception, or false assurances by the

18   defendant and the exercise of diligence by the plaintiff." *Id*.

19   First, tolling seems consistent with both the cause of action and the purpose of the

20   statute of limitations.  The protection of constitutional civil rights claims is important not

21   only to the individual, but also the community as well.  Tolling the statute of limitations

22   for one month while the federal court screens a facially deficient prisoner complaint does

1   not upset the purpose of finality underlying the statute of limitations.  In fact, federal

2   courts screening such complaints works in favor of local governments by reducing the

3   burden of expending resources on frivolous litigation.  Thus, it seems unequitable to turn

4   the shield of screening complaints into a sword for barring claims based on timing

5   requirements.

6          Second, while Defendants' actions are not applicable to the particular facts of this

7   case, Mullens has submitted some facts that support a finding of diligence.  For example,

8   Mullens asserts that his initial delay was due to participation in a wildland firefighting

9   project with the Department of Natural Resources.  Dkt. 8.  The Court, however, is

10  without sufficient information to make factual determinations as to diligence.

11         Therefore, the Court having considered the R&R, Defendants' objections, and the

12  remaining record, does hereby find and order as follows:

13         (1)      The Court **DECLINES to adopt** the R&R;

14         (2)      The matter is rereferred for further briefing and consideration on the issue

15  of tolling the statute of limitations.

16         Dated this 10th day of February, 2016.

17

18                                                   _____

                                                     BENJAMIN H. SETTLE
19                                                   United States District Judge

20

21

22

ORDER - 3