UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA JAMES MULLENS,

    Plaintiff,

v.

CITY OF LAKEWOOD, et al.

    Defendants.

CASE NO. C15-5442 BHS-KLS

ORDER GRANTING MOTION TO ALLOW LATE FILING AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Joshua James Mullens's ("Mullens") motion for reconsideration of the Court's order declining to adopt report and recommendation recommending that the Court deny Defendants City of Lakewood, Andrew Gildehaus, Aaron Grant, and Mark Holthause's ("Defendants") motion to dismiss (Dkt. 23) and motion to allow late filings (Dkt. 24). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On June 29, 2015, Mullens filed a motion to proceed *in forma pauperis* and a proposed complaint. Dkt. 1. On July 1, 2015, the Honorable Karen L. Strombom, United States Magistrate Judge, granted the motion, declined to serve the complaint, and ordered Mullens to either amend his complaint or address the identified deficiencies no later than July 31, 2015. Dkt. 6. Failure to do either would result in dismissal of the complaint as frivolous under 28 U.S.C. § 1915(e). *Id.*

On August 6, 2015, Judge Strombom issued a report and recommendation recommending that the Court dismiss the action and that the dismissal count as a strike under 28 U.S.C. § 1915(g). Dkt. 7. On August 13, 2015, Mullens filed objections asserting reasons for failing to meet Judge Strombom's deadline. Dkt. 8. On September 28, 2015, the Court declined to adopt the report and recommendation and remanded for consideration of Mullens's response. Dkt. 9.

On October 29, 2015, Mullens filed an amended complaint. Dkt. 11. On October 30, 2015, Judge Strombom directed service of the complaint. Dkt. 12.

On November 12, 2015, Defendants filed a motion to dismiss the complaint arguing that Mullens failed to timely serve the complaint. Dkt. 14. Mullens did not respond. On December 21, 2015, Judge Strombom issued a report and recommendation ("R&R") recommending that the Court deny the motion. Dkt. 17. On January 4, 2016, Defendants filed objections. Dkt. 18. On February 10, 2016, the Court declined to adopt the R&R and remanded for further consideration. Dkt. 19.

1    On March 10, 2016, Judge Strombom appointed counsel to represent Mullens.
2  Dkt. 20.  On March 11, 2016, Judge Strombom ordered additional briefing on
3  Defendants' motion to dismiss.  Dkt. 22.
4    On March 24, 2016, Mullens filed the instant motion for reconsideration and
5  motion to allow the late filing.  Dkts. 23, 24.[1]

6  **II. DISCUSSION**

7    Motions for reconsideration are governed by Local Rule CR 7(h), which provides
8  as follows:

> Motions for reconsideration are disfavored. The court will ordinarily
> deny such motions in the absence of a showing of manifest error in the
> prior ruling or a showing of new facts or legal authority which could not
> have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

In this case, Mullens argues that the Court committed manifest error based on controlling Ninth Circuit authority that was not brought to the Court's attention earlier. Dkt. 23 at 2 (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288 (9th Cir. 2006)). Even if *S.J.* is controlling, which it appears to be, the Court would still decline to adopt the R&R because it recommended denying Defendants' motion based on the propositions that (1) "borrowing state law will not frustrate or interfere with implementing national policies" and (2) when a federal court screens a pro se prisoner complaint, "the time for service is suspended until the court enters an order directing service of the amended

---

[1] The Court grants the motion to allow the late filing because, as explained herein, Defendants are not prejudiced by consideration of the late filing.

complaint." Dkt. 17 at 3–4.  Defendants objected by citing controlling authority for the proposition that a similar state statute implementing service requirements does not conflict with Federal Rule of Civil Procedure 4(m).  *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002).  In the face of this apparent controlling authority, the Court turned to principles of equity and equitable tolling to address what seemed to be an inequitable result of barring a prisoner's complaint due to initial screening delays.  Dkt. 19.  Fortunately, Mullens's appointed counsel placed *S.J.* in the record, which appears to be on all fours with the issue in this case.  The question now is how best to address the issue.

       The Court concludes that, with counsel appointed, it is best to follow the principles of due process and present a fully briefed motion.  Technically, Defendants' motion to dismiss is still pending because it has neither been granted nor denied.  Thus, it seem appropriate for Mullens to respond and Defendants to reply.  Moreover, nothing in the Court's order, which was based on the broad principles of *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980), *abrogation on other grounds recognized by Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992), conflicts with the more specific holding of *S.J.*  It cannot, because the Ninth Circuit may not overturn the Supreme Court.  Therefore, the Court denies Mullens's motion for reconsideration because he has failed to show manifest error and he may still obtain his requested result of denial of the pending motion to dismiss.

## III. ORDER

Therefore, it is hereby **ORDERED** that Mullens's motion to allow late filings (Dkt. 24) is **GRANTED** and motion for reconsideration (Dkt. 23) is **DENIED**.

Dated this 1st day of April, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge