UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA JAMES MULLENS,

                          Plaintiff,

          v.

CITY OF LAKEWOOD, AARON GRANT,
ANDREW GILDEHAUS, MARK B.
HOLTHAUS,

                          Defendants.

Case No. 3:15-cv-05442-BHS-KLS

REPORT AND RECOMMENDATION

Noted for August 26, 2016

        This matter is before the Court on defendants' motion to dismiss for failure to properly

commence this case within the applicable status of limitations.[1] This matter has been referred to

the undersigned Magistrate Judge.[2] For the reasons set forth below, the undersigned recommends

that the Court deny defendants' motion.

                    FACTUAL AND PROCEDURAL HISTORY

        On June 29, 2015, plaintiff, a Washington state prisoner, filed an application to proceed

*in forma pauperis* along with a civil rights complaint under 42 U.S.C. § 1983.[3] In his complaint,

plaintiff alleged that on July 23, 2012, he was tased nine times in the back and once in the neck,

---

[1] Dkt. 14.

[2] *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

[3] Dkt. 1.

REPORT AND RECOMMENDATION - 1

and that he ended up in the hospital.[4] On July 1, 2015, the undersigned granted plaintiff's *in forma pauperis* application and accepted his complaint, but directed him to file an amended complaint by July 31, 2015, to correct certain deficiencies in his original complaint.[5]

Because plaintiff did not file an amended complaint as directed, on August 6, 2015, the undersigned recommended that the Court dismiss his complaint.[6] But because plaintiff provided several reasons for failing to do so in objecting to the recommendation, on September 28, 2015, the Court declined to dismiss the complaint.[7] Upon re-referral of the case, the undersigned gave plaintiff an extension of time, until October 30, 2015, to file an amended complaint, which he did on October 29, 2015.[8] On October 30, 2015, the undersigned directed service of that complaint.[9]

On November 12, 2015, defendants filed their motion to dismiss.[10] They asserted that under Washington's three-year statute of limitations – which requires the complaint to be served on at least one of the defendants within 90 days of filing the complaint if service has not been completed prior to such filing[11] – plaintiff had until September 28, 2015 to serve his complaint, but failed to do so. Thus, defendants argued, plaintiff's complaint should be dismissed for failure to perfect service before the statute of limitations had run.

On December 21, 2015, the undersigned recommended that the Court deny defendants' motion, finding plaintiff timely commenced his lawsuit when he filed his original complaint on

---

[4] Dkt. 1-1.

[5] Dkt. 4; Dkt. 5; Dkt. 6.

[6] Dkt. 7.

[7] Dkt. 9.

[8] Dkt. 10; Dkt. 11.

[9] Dkt. 12.

[10] Dkt. 14.

[11] RCW 4.16.170.

REPORT AND RECOMMENDATION - 2

June 29, 2015.[12] Specifically, while acknowledging the service requirements of RCW 4.16.170, the undersigned noted federal courts had a duty to ensure that borrowing state law would not frustrate or interfere with federal policy, and are obligated to screen civil rights complaints filed by prisoners prior to directing service. The undersigned pointed out that where delay in screening the complaint consumes the 120-day period for service under the federal rules of civil procedure, the time for service is suspended until the Court orders service. Thus, although defendants were not served within the 120-day period, this was due to delays in screening, and therefore the time for service was extended by implication.

On February 10, 2016, the Court declined to adopt the undersigned's recommendation, agreeing instead with defendants that state substantive law, rather than the federal rules of civil procedure, controlled as to statute of limitation and tolling rules.[13] The Court though found this did not resolve the issue of whether plaintiff's claims were barred by the statute of limitations, as plaintiff had come forth with facts to support a finding of diligence on his part and thus a possible determination that equitable tolling may be appropriate. But because the Court had insufficient information to make a factual determination as to diligence, it re-referred the matter to the undersigned for further briefing and consideration of the issue of tolling.

On March 11, 2016, pursuant to the re-referral order the undersigned directed the parties to submit additional briefing.[14] On March 24, 2016, plaintiff moved for reconsideration of that order, arguing that in light of the Ninth Circuit's holding in *S.J. v. Issaquah Sch. Dist. No. 411*,[15] the time limits for service set forth in RCW 4.16.170 cannot be borrowed, that only the service

---

[12] Dkt. 17.

[13] Dkt. 19.

[14] Dkt. 22.

[15] 470 F.3d 1288 (9th Cir. 2006).

REPORT AND RECOMMENDATION - 3

requirements of Federal Rule of Civil Procedure (Fed. R. Civ. P.) 4(m) apply, and therefore that his complaint was timely filed as the undersigned found.[16] On April 1, 2016, the Court denied plaintiff's motion, finding that even though *S.J.* appeared to be controlling, the undersigned did not recommend denial of defendants' motion to dismiss on this basis.[17] Instead, the Court determined it was more appropriate to have the parties fully brief the motion to dismiss by going ahead and filing both a response and reply thereto.

On May 12, 2016, the undersigned granted the parties stipulated motion that the statute of limitations issue should be briefed first, since if that issue is resolved in plaintiff's favor then the equitable tolling issue becomes moot.[18] As the parties have now briefed the statute of limitations issue, that issue is ripe for consideration. For the reasons set forth below, the undersigned agrees with plaintiff that the service requirements of Fed. R. Civ. P. 4(m) instead of RCW 4.16.170 apply, that plaintiff complied with those requirements, and that plaintiff timely commenced this action within the applicable statute of limitations. Accordingly, the undersigned recommends the Court deny plaintiff's motion to dismiss.

DISCUSSION

I.    <u>Standard of Review</u>

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.[19] All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff.[20] A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of

---

[16] Dkt. 23.

[17] Dkt. 25.

[18] Dkt. 26; Dkt. 27.

[19] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

[20] *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

REPORT AND RECOMMENDATION - 4

facts in support of his claim which would entitle him to relief."[21] Dismissal may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[22] "A statute of limitations defense, while not normally part of a motion under Fed. R. Civ. P. 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'"[23]

II.   <u>RCW 4.16.170 and the Federal Rules of Civil Procedure</u>

"Section 1983 does not contain its own statute of limitations."[24] "Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[25] "But, in borrowing a state statute of limitations for a federal cause of action," federal courts are "to 'borrow no more than necessary.'"[26] For Section 1983 cases, "the appropriate period is that of the forum state's statute of limitations for personal injury torts."[27] The limitations period for personal injury torts in Washington is three years.[28]

"Although [state] law determines the *length* of the limitations period, federal law

---

[21] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[22] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[23] *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005)).

[24] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[25] *Id.* (citations and internal quotations omitted).

[26] *Id.* (quoting *West v. Conrail*, 481 U.S. 35, 39 (1987)).

[27] *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *see also Felder v. Casey*, 487 U.S. 131, 140 (1988); *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir 1993).

[28] *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989); *Robinson v. City of Seattle*, 119 Wash.2d 34, 86 (1992); RCW 4.16.080(2).

REPORT AND RECOMMENDATION - 5

determines when a civil rights claim *accrues*."[29] "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"[30] Plaintiff alleges his injuries occurred on July 23, 2012. His cause of action thus began to accrue as of that date, triggering the three-year statute of limitations, which ran until July 23, 2015.

Plaintiff filed his application to proceed *in forma pauperis* and his original complaint in this Court on June 29, 2015. Defendants point out that "Washington courts have repeatedly held that the filing of a complaint does not constitute the commencement of an action for purposes of tolling the statute of limitations," and that RCW 4.16.170 requires the plaintiff to serve at least one of the defendants "within ninety days from the date of filing" for the commencement to be complete.[31] Defendants argue, therefore, that to properly commence his cause of action by July 23, 2015, plaintiff had to serve one of the defendants by September 28, 2015, but because this did not occur, his claims are barred.

Under Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." Further, prior to 2016, Fed. R. Civ. P. 4(m) mandated that service be effected within 120 days of filing the complaint. Defendants argue:

- RCW 4.16.170's 90-day requirement and [Fed. R. Civ. P.] 4(m)'s 120-day service rule are distinct concepts – the former pertains to Washington's statute of limitations, while the latter pertains to the time for service of summons and complaint under the Federal Rules of Civil Procedure;

---

[29] *Lukovsky*, 535 F.3d at 1048 (emphasis in original).

[30] *Id.* (citations omitted).

[31] Dkt. 14, p. 4 (quoting *Head v. Kommandit-Gesellschaft MS San Alvaro Offen Reederei GMBH & Co*, 17 F.Supp.3d 1099, 1104 (W.D. Wash. 2014) (citing *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn.App. 516, 523 (2004); RCW 4.16.170)).

REPORT AND RECOMMENDATION - 6

- RCW 4.16.170 is substantive Washington State law setting forth the requirements for when an action is commenced solely for the purposes of tolling the statute of limitations;

- [Fed. R. Civ. P.] 4(m) was not intended to toll the statute of limitations for the purpose of federal causes of action that are governed by a state statute of limitations; and

- Whether or not plaintiff complied with the 120-day rule is irrelevant for purposes of determining whether this action was properly commenced within Washington's three-year statute of limitations.[32]

In support of this argument, defendants rely on *Torre v. Brickey*.[33] In that case, the Ninth Circuit found "no conflict" between Fed. R. Civ. P. 4(m) and an analogous Oregon law – which required service within 60 days of the filing of the complaint –in order for the cause of action to be deemed commenced.[34] The Court of Appeals explained:

> There is no conflict between Rule 4(m) and Oregon law because "Rule 4(m) merely sets a *procedural* maximum time frame for serving a complaint, whereas [the Oregon statute] 'is a statement of a substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations.' " "[A] plaintiff in federal court thus has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law." Thus, because there is no conflict between the federal rule and state law, state law should apply.[35]

In *Torre*, though, the complaint invoked the district court's diversity of citizenship jurisdiction.[36] Indeed, citing the Supreme Court's decision in *Walker v. Armco Steel Corp.*, the Ninth Circuit prefaced its holding by stating that "[a]bsent a direct conflict between a federal rule and state

---

[32] Dkt. 18, pp. 1-2.

[33] 278 F.3d 917 (9th Cir. 2002).

[34] *Id.* at 919.

[35] *Id.* (emphasis in original) (internal citations omitted).

[36] *Id.* at 918.

REPORT AND RECOMMENDATION - 7

law, state law applies *in diversity cases*."[37] *Torre*, therefore, should be seen as being applicable

only in the diversity context.

In *Walker*, the Supreme Court noted that "[e]xcept in matters governed by the Federal

Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the

State."[38] This is because "in all cases where a federal court is exercising jurisdiction *solely*

*because of the diversity of citizenship of the parties*, the outcome of the litigation in the federal

court should be substantially the same, so far as legal rules determine the outcome of a litigation,

as it would be if tried in a State court."[39] "[I]n the absence of a federal rule directly on point,"

therefore, "state service requirements which are an integral part of the state statute of limitations

should control in an action based on state law which is filed in federal court under diversity

jurisdiction."[40] As the Supreme Court explained:

> There is simply no reason why, in the absence of a controlling federal rule, an
> action based on state law which concededly would be barred in the state
> courts by the state statute of limitations should proceed through litigation to
> judgment in federal court *solely because of the fortuity that there is diversity*
> *of citizenship between the litigants*.[41]

Soon thereafter in *West v. Conrail*, the Supreme Court further explained its holding in

*Walker*:

> When the underlying cause of action is based on state law, and federal
> jurisdiction is based on diversity of citizenship, state law not only provides the
> appropriate period of limitations but also determines whether service must be
> effected within that period. Respect for the State's substantive decision that
> actual service is a component of the policies underlying the statute of

---

[37] *Id.* at 919 (citing 446 U.S. 740, 752 (1980)) (emphasis added).

[38] 446 U.S. at 745 (quoting *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[39] *Id.* (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)) (emphasis added).

[40] *Id.* at p. 752-53.

[41] *Id.* at 753 (emphasis added).

REPORT AND RECOMMENDATION - 8

limitations requires that the service rule in a diversity suit "be considered part and parcel of the statute of limitations."[42]

The Supreme Court specifically pointed out, though, that "[t]his requirement, naturally, does not apply to federal-question cases," noting further that "*Walker* expressly declined to 'address the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law."[43] Thus, although it had "not expressly so held before," the Supreme Court stated it was "now hold[ing] that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed period."[44]

Neither *Walker* nor *West* dealt with Section 1983 claims. In *Wilson v. Garcia*, though, the Supreme Court was tasked with determining "whether state law or federal law governs the characterization of a § 1983 claim for statute of limitations purposes."[45] In making that determination, the Supreme Court first noted Congress' instruction "that the law to be applied in adjudicating civil rights claims shall be in 'conformity with the laws of the United States, so far as such laws are suitable.'"[46] "This mandate implies that resort to state law . . . should not be undertaken before principles of federal law are exhausted."[47] Further, "[t]he characterization of § 1983 for statute of limitations purposes is derived from the elements of the cause of action, and

---

[42] 481 U.S. 35, 39 n.4 (1987) (internal citations omitted).

[43] *Id.* (quoting 446 U.S. at 751 n.11).

[44] *Id.* at 39.

[45] 471 U.S. 261, 268 (1985).

[46] *Id.* (quoting 42 U.S.C. § 1988).

[47] *Id.*

REPORT AND RECOMMENDATION - 9

Congress' purpose in providing it," which, "of course, are matters of federal law."[48] "Since federal law is available to decide the question . . . the matter of characterization should be treated as a federal question."[49]

The Supreme Court went on to note Congress' further instruction that "state law shall only apply 'so far as the same is not inconsistent with' federal law," explaining that "[t]his requirement emphasizes 'the predominance of the federal interest' in the borrowing process, taken as a whole."[50] Thus, "[e]ven when principles of state law are borrowed to assist in the enforcement of this federal remedy, the state rule is adopted as 'a federal rule responsive to the need whenever a federal right is impaired.'"[51] Keeping this in mind, "[o]nly the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."[52]

Nevertheless, *Wilson* did not address the question of which rule, state or federal, to apply in determining whether a cause of action has been properly commenced in a Section 1983 claim. The Ninth Circuit, however, has had occasion to do so. In *Sain v. City of Bend*, the district court had dismissed the plaintiffs' Section 1983 complaint, because it was time-barred under Oregon's statute of limitations.[53] The statute at issue required commencement of the action within two years of the alleged injury.[54] The plaintiffs filed their complaint on August 14, 2000, alleging the injury had occurred on August 14, 1998. The district court found that because the year 2000 was

---

[48] *Id.*

[49] *Id.*

[50] *Id.* (quoting *Burnett v. Grattan*, 468 U.S. 42, 48 (1984); 42 U.S.C. § 1988).

[51] *Id.* (quoting *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240 (1969)).

[52] *Id.* (internal footnote omitted).

[53] 309 F.3d 1134, 1135-36 (9th Cir. 2002).

[54] *Id.* at 1135.

REPORT AND RECOMMENDATION - 10

a leap year, and the applicable Oregon statute did not define a year as including a leap year, the year 2000's extra day made plaintiffs' complaint untimely.[55]

In reversing the district court's decision, the Ninth Circuit held that since plaintiffs had "filed their suit in federal court," and because their "underlying cause of action is federal" rather than state, Fed. R. Civ. P. 3 governs "when the action 'commences' for purposes of the statute of limitations," and Fed. R. Civ. P. 6(a) governs "how to compute the time for purposes of Rule 3."[56] In so holding, the Ninth Circuit expressly relied on the Supreme Court's holdings in *Walker*, *Wilson*, and *West*.[57] After summarizing those decisions, the Court of Appeals explained its reasoning:

> . . . [A]fter *Walker* and *West*, we know the following: Rule 3 does not commence a suit based on state law for purposes of the statute of limitations (*Walker* ). However, Rule 3 does commence a suit based on federal law that has a statute of limitations borrowed from federal law (*West* ).
>
> *Walker* and *West* do not, however, answer the precise question in this case: Does Rule 3 tell us when a suit commences where (like *West* ) the cause of action is federal, but where (unlike *West* ) the statute of limitations is borrowed from state rather than federal law? As we know from *Wilson*, the statute of limitations for § 1983 actions is borrowed from state personal injury tort law. We must decide how much of that state law should be borrowed. According to *Wilson*, "[o]nly the length of the limitations period, and closely related questions of tolling and application are to be governed by state law."
>
> The phrase "closely related questions of tolling" is not to be given a broad reading, for, as the Court wrote in *West*, "when it is necessary for us to borrow a statute of limitations, we borrow no more than necessary." The tolling rules that we take from state law, consistent with *Wilson*, are broad tolling rules. Such rules include a would-be litigant's incapacity, the pendency of other proceedings, and equitable tolling.
>
> The four circuit courts that have addressed the specific issue before us have concluded that the state rule [defining the number of days in a year] is not a

---

[55] *Id.* at 1136.

[56] *Id.* at 1136-37.

[57] *Id.* at 1137-38

REPORT AND RECOMMENDATION - 11

> "closely related" tolling rule within the meaning of *Wilson*, and have held that Rule 3 provides the rule for determining when a § 1983 action is commenced. We now join our sister circuits and hold that Rule 3 provides the tolling rule for a borrowed state statute of limitations in § 1983 actions. That is, we hold that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed.[58]

The Ninth Circuit went on to hold that "as a necessary corollary, . . . the computation of time, for purposes of Rule 3 tolling, is governed by Rule 6(a)."[59] "Because Rule 3 tells us when this action commences" the Court of Appeals continued, "Rule 6(a) applies, telling us how to compute 'any period of time prescribed or allowed by'" the federal rules of civil procedure.[60] Further, "[s]ince the last day of the two-year Oregon statute of limitations fell on a Sunday," and since "Rule 6(a) provides that that day is not counted for purposes of Rule 3," the plaintiffs' action was found to have been timely filed.[61]

Four years later, the Ninth Circuit decided *S.J. v. Issaquah School Dist. No. 411*. In that case, the plaintiff brought various claims under the Individuals with Disabilities Education Act (IDEA), which had no statute of limitations at the time.[62] The district court applied Washington's Administrative Procedure Act (WAPA) – which mandates that a petition for review of an agency action be filed and served within 30 days of service of the agency's final order – and because the plaintiff did not attempt to serve the defendant until after that 30-day period, the court concluded that it lacked jurisdiction.[63] Again, the Ninth Circuit reversed.

---

[58] *Id.* at 1138 (internal citations omitted).

[59] *Id.*

[60] *Id.* (quoting Rule 6(a)).

[61] *Id.*

[62] 470 F.3d at 1289.

[63] *Id.*

REPORT AND RECOMMENDATION - 12

First, the Court of Appeals noted its prior holding in *Sain* that Fed. R. Civ. P. 3 "controls when an action which arises under federal law is 'commenced' for purposes of tolling the statute of limitations borrowed from state law."[64] From that premise, the Ninth Circuit continued, "[i]t follows that federal procedural rules thereafter govern the action, at least when there is a federal rule to apply."[65] In *S.J.* there was such a rule, as Fed. R. Civ. P. 4(m) provided "a time limit for service of process (120 days)."[66] The Ninth Circuit, accordingly, held "that a federal court borrowing a state's time period for filing suit brought under federal law should not also borrow the state's time limits for serving the complaint."[67]

In so holding, the Ninth Circuit further clarified the basis for its ruling:

As we explained in *Sain*, the Supreme Court held in *Walker* . . . that when an action is commenced for purposes of the statute of limitations differs depending upon whether the action is based on state or federal law. *Walker* indicated that in a diversity case, even though Rule 3 governs the date from which timing requirements of the Federal Rules of Civil Procedure are measured, federal courts borrow state service rules that are integral to the statute of limitations in order to determine when the action is commenced for purposes of tolling the statute of limitations. However, *West* indicated that when the underlying cause of action is based on federal law and it is necessary to borrow a limitations period from another federal statute, the action is not barred if it has been commenced in compliance with Rule 3 within the borrowed limitations period regardless of the borrowed statute's service requirements. We took the next step in *Sain*, holding that the rule from *West*, where the borrowed statute was federal, also applies when the statute of limitations is borrowed from *state* law.

The issue in *Sain* was whether Oregon law for computing the number of elapsed days for purposes of satisfying a borrowed state statute of limitations should apply in actions under 42 U.S.C. § 1983, or whether Rule 6(a) should govern. This depended on whether Rule 3 or Oregon law controlled when the action was deemed to have commenced; if Rule 3 controlled commencement, then Rule 6(a) necessarily governed computation of time, but if Oregon law

---

[64] *Id.* (citing 390 F.3d at 1136).

[65] *Id.*

[66] *Id.*

[67] *Id.*

REPORT AND RECOMMENDATION - 13

controlled commencement, then Oregon law would also govern computation of time. Noting that under *Wilson* . . . only the length of the limitations period and "closely related questions of tolling" are governed by state law for § 1983 actions, we concluded that the class of "closely related questions of tolling" does not include rules for determining when a cause of action commences. Accordingly, we held that Rule 3 provides the tolling rule for a borrowed state statute of limitations when an action is brought under federal law. In these circumstances, the action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed and, as a corollary, the computation of time for purposes of Rule 3 tolling is governed by Rule 6(a).[68]

In terms of the plaintiff in *S.J.*, therefore, the Court of Appeals concluded:

In sum, *Sain* held that Rule 3 governs the commencement of federal causes of action using borrowed state statutes of limitations. This means there is no gap to fill and no basis for resorting to state law to determine when the action is commenced. As S.J.'s action was commenced under Rule 3 within the thirty-day period of limitations when he filed his complaint in federal district court, the corollary is that Rule 4 controls service of process.[69]

Defendants argue *Sain* and *S.J.* are distinguishable. First, they assert that while the Ninth Circuit held in *S.J.* that a federal court borrowing a state's statute of limitations time period for filing a cause of action brought under federal law should not also borrow that state's time limits for serving the complaint, RCW 4.16.170 pertains not to the length of time a plaintiff has to serve the complaint, but to the length of time the statute of limitations will be tolled. How the statute of limitations is to be tolled, though, is entirely dependent on when the action is "deemed commenced," which in turn is dependent on service of the complaint.[70] Indeed, the whole focus of RCW 4.16.170 is on commencement of the action and service of the complaint, *as the basis for* determining statute of limitations tolling.

---

[68] *Id.* at 1291 (internal citations omitted) (emphasis in original).

[69] *Id.* at 1293.

[70] RCW 4.16.170.

REPORT AND RECOMMENDATION - 14

Defendants also attempt to distinguish *S.J.* on the basis that it was premised primarily on *Sain*. They correctly point out that in *Sain* the Ninth Circuit relied on *Wilson* for the proposition that only the length of the statute of limitations period and closely related questions of tolling and application are to be governed by state law. However, nowhere in *Sain* or *Wilson* did either court further hold that such closely related questions "include state tolling statutes surrounding <u>service</u> in § 1983 claims."[71] Nor does the fact that *Sain* involved the issue of calculating the number of days in a year for purposes of tolling the statute of limitations, as opposed to the issue of service of the complaint as the basis for commencing an action, make that case inapposite.

As made expressly clear by the Ninth Circuit in *S.J.*, "*Sain* held that Rule 3 governs the commencement of federal causes of action using borrowed state statutes of limitations," which "means that there is no gap to fill and no basis for resorting to state law to determine when the action is commenced."[72] Further, in *S.J.* because the plaintiff commenced his action "under Rule 3 within the [state's] period of limitations when he filed his complaint in federal district court, the corollary is that Rule 4 controls service of process."[73] Indeed, the central issue in *Sain* was not the calculation of days of the year *per se*, but "determining the commencement of an action for purposes of tolling the borrowed state statute of limitations."[74]

It is significant to note that in *S.J.* the Ninth Circuit expressly pointed out that its holding was aligned with the Seventh Circuit's reasoning in *Gray v. Lacke*.[75] As in this case, the plaintiff in *Lacke* brought a cause of action under Section 1983. There, the Seventh Circuit held:

---

[71] Dkt. 29, p. 4 (emphasis in original).

[72] *S.J.*, 411 F.3d at 1293.

[73] *Id.*

[74] *Id.* at 1292.

[75] *Id.* at 1293 (citing 885 F.2d 399, 409-10 (1989)).

REPORT AND RECOMMENDATION - 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The appellees also contend that Gray's claims are barred because she did not timely serve them with the complaint under Wisconsin law. They claim that under Wisconsin law, an action commences upon the filing of a complaint only if the plaintiff serves the defendants within sixty days of the filing of the complaint. *See* WIS.STAT.ANN. § 893.02 (West 1983). In this case, they note that although Gray filed her complaint on April 18, 1988, she did not serve them with the complaint until August 12, 1988. Thus, the appellees argue that her action did not commence on April 18, 1988, because she did not serve them with the complaint within the sixty-day period. We reject this argument.

. . .

. . . It is true that when federal courts borrow a state's statute of limitations for a § 1983 action, they also borrow the applicable tolling provisions. *See Wilson*, 471 U.S. at 269, 105 S.Ct. at 1943; *Cange v. Stotler & Co.*, 826 F.2d 581, 586 (7th Cir.1987). Federal courts, however, "borrow only what is necessary to fill the gap left by Congress," *West v. Conrail*, 481 U.S. 35, 39 n. 6, 107 S.Ct. 1538, 1542 n. 6, 95 L.Ed.2d 32 (1987); *see Lewellen v. Morley*, 875 F.2d 118, 121 (7th Cir.1989), and they will not borrow any state tolling rule that is inconsistent with federal law, *see Board of Regents v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980).

Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." Rule 4(j) of the Federal Rules of Civil Procedure then gives the plaintiff 120 days to serve the defendant, unless good cause is shown, or else the action is dismissed. As our court has already held, "[i]n light of Rules 3 and 4(j) there is no deficiency of federal law on questions concerning the relation among filing, service, and the period of limitations." *Lewellen*, 875 F.2d at 121. Since there is no deficiency or gap in federal law, there is no reason for us to resort to Wisconsin's tolling rule, which requires service on the defendants within 60 days for an action to be commenced upon filing. *See Lewellen*, 875 F.2d at 120–21; *Del Raine v. Carlson*, 826 F.2d 698, 706 (7th Cir.1987). Therefore, we find that Wisconsin's tolling rule does not apply to bar Gray's action, and because she served the defendants 116 days after filing her complaint, which is within the 120 day period set forth in Rule 4(j), her action commenced on the day she filed the complaint in the district court.[76]

Thus, while *S.J.* did not itself concern Section 1983 claims, the Ninth Circuit clearly did not disagree with the Seventh Circuit that Fed. R. Civ. P. 3 governs commencement of such claims in federal court, and that because "there is no deficiency or gap in federal law on questions

---

[76] *Lacke*, 885 F.2d at 409-10 (internal footnotes omitted).

REPORT AND RECOMMENDATION - 16

concerning the relation among filing, service, and the period of limitations," Fed. R. Civ. P. 4 – rather than the state's tolling rule – governs as well.[77] And to make it even more clear that it was not limiting its decision to the specific statute at issue in *S.J.*, the Ninth Circuit went on to expressly hold that "a federal court borrowing a state's time period for filing suit brought under federal law *should not also borrow the state's time limits for serving the complaint*."[78]

Defendants cite a number of decisions from this Court issued subsequent to *S.J.* that they argue support dismissal of this action. But one of those decisions was a diversity case, and none of the others mention *Sain* or *S.J.*[79] In *Dumarce v. Christensen*, however, the District Court for the Eastern District of Washington relied on the Ninth Circuit's holdings in *Sain* and *S.J.* to find "RCW 4.16.170 does not apply to a § 1983 claim commenced in federal court."[80] Specifically, it noted that under those holdings, "[a]lthough the statute of limitations is borrowed from state law, service of process is governed by the Federal Rules of Civil Procedure."[81] Because the plaintiff filed his complaint prior to the expiration of the three-year statute of limitations, and because the complaint was served within the 120-day period mandated by Fed. R. Civ. P. 4(m), it was timely served for statute of limitations purposes.[82]

The undersigned agrees with the *Dummarce* court's application of *Sain* and *S.J.*, and now follows suit. Plaintiff filed his original complaint with the Court on June 29, 2015, along with his application to proceed *in forma pauperis*, which was granted on July 1, 2015. Although plaintiff

---

[77] *S.J.*, 470 F.3d at 1293 (quoting *Lacke*, 885 F.2d at 410).

[78] *Id.* at 1293 (emphasis added).

[79] Dkt. 29, pp. 2-3 (citing *Boston v. Kitsap Cnty.*, 2014 WL 3900773 (W.D. Wash. Aug. 11, 2014); *Jones v. City of Bremerton*, 2014 WL 1248023 (W.D. Wash. Mar. 25, 2014); *Calin v. Elfo*, 2014 WL 793442 (W.D. Wash. Feb. 25, 2014); *Wyatt v. City of Lynnwood*, 621 F.Supp.2d 1108 (W.D. Wash. 2013); *Richard v. Kelsey*, 2009 WL 376844 (W.D. Wash. Nov. 9, 2009)).

[80] 2007 WL 2572315, at *2 (E.D. Wash. Sept. 5, 2007).

[81] *Id.*

[82] *Id.* at *1-*2.

REPORT AND RECOMMENDATION - 17

failed to file his amended complaint by July 31, 2015 as directed, that failure was excused by the Court, and he then timely filed his amended complaint within the additional period granted to him to do so on October 29, 2015. Thus, while service of the amended complaint did not occur until the next day on October 30, 2015, three days after the 120-day time period mandated by Fed. R. Civ. P. 4(m) had lapsed, that was not plaintiff's fault. The question then remains as to whether the fact that the amended complaint was not served until after that 120-day period had elapsed, bars plaintiff's cause of action as untimely.

III.     Fed. R. Civ. P. 15(c) and Relation Back

As was pointed out in the undersigned's prior report and recommendation that the Court deny defendants' motion to dismiss, federal courts are obligated under the 1996 Prison Litigation Reform Act (PLRA) to screen complaints filed by prisoners.[83] In addition, if a prisoner files an *in forma pauperis* application, the Court reviews that application and if the application is granted and the case is not dismissed *sua sponte*, directs service of the complaint.[84] The Court's duties to screen complaints and determine *in forma pauperis* status have the practical effect, therefore, of causing delay in service that is not attributable to the prisoner.

Leave to amend a complaint in prisoner cases should be granted, furthermore, "even if no request to amend" the complaint is made, unless it appears the complaint "could not possibly be cured by the allegation of other facts."[85] Accordingly, before dismissing a complaint for failure to state a claim, the Court "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend" it.[86] This requirement, not surprisingly, adds to the

---

[83] 28 U.S.C. § 1915A(a)-(b).

[84] *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000); 28 U.S.C. § 1915(a)-(d); Rule 4(c)(2).

[85] *Id.* at 1127 (citations omitted).

[86] *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

REPORT AND RECOMMENDATION - 18

amount of time between the filing of the complaint by the prisoner and, in cases where defects in the complaint can be cured, service of the amended complaint by the Court.

Because plaintiff's original complaint was filed on June 29, 2015, under Fed. R. Civ. P. 4(m) at the time, service thereof had to be effected by October 27, 2015. It was not served until October 30, 2015, but again this was not the fault of plaintiff. Nevertheless, that still leaves the question of whether the amended complaint can be considered timely for statute of limitations purposes, because it was filed outside the 120-day period mandated by Fed. R. Civ. P. 4(m) for effecting service of the complaint. The answer to this question depends on whether state or federal law governs here.

In a 1989 case, *Merritt v. Cnty. of Los Angeles*, the Ninth Circuit held that "the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983."[87] Relying on the Supreme Court's statement in *Wilson* that "the length of the limitations period, and closely related questions of *tolling and application*, are to be governed by state law,"[88] the *Merritt* court found the "California relation back provisions constitute a substantive state policy that is applicable in federal civil rights actions in which a state statute of limitations governs.[89] Indeed, the district court in *Dummarce* looked to *Merritt* in determining that Washington Rule of Civil Procedure (CR) 15(c) applied.[90]

At least one other court that has examined the *Merritt* decision, however, has determined that the applicability of that case's holding is much more limited. For one, the state relation back provisions at issue there were particular to California, which authorized the filing of a lawsuit

---

[87] 875 F.2d 765, 768 (9th Cir. 1989).

[88] *Id.* at n.5 (citing 471 U.S. at 269) (emphasis in original).

[89] *Id.* (citations omitted).

[90] 2007 WL 2572315, at *1.

REPORT AND RECOMMENDATION - 19

naming Doe defendants, and then allowed the substitution of the defendants' true names within three years after commencement of the action.[91] In addition, *Merritt* pre-dated amendments to the federal rules of civil procedure made in 1991, and therefore could "be viewed as effectively anticipating certain provisions" thereof, which provided "that in some circumstances a Plaintiff may be entitled to the benefit of state law relation back rules if those are more generous than Rule 15(c)."[92] Lastly, the Ninth Circuit did not consider the Supreme Court's decisions in *West* and *Walker*, and *Merritt* was decided well before both *S.J.* and *Sain*.

Fed. R. Civ. P. 15(c) provides:

**(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

CR 15(c) essentially mirrors the provisions of Fed. R. Civ. P. 15(c)(A) and (B). As such, the relation back provisions of CR 15(c) are not more generous than those of Fed. R. Civ. P. 15(c),

---

[91] *Phillips v. Multnomah Cnty.*, 2007 WL 915173, *4 (Mar. 23, 2007) (citing *Merritt*, 875 F.2d at 768 and n.5; *Cabrales v. Cnty. of Los Angeles*, 864 F2d 1454, 1464 (9th Cir. 1988)).

[92] *Id.* at *5 (citing Rule 15(c)(1) (1991) and Advisory Committee Notes).

REPORT AND RECOMMENDATION - 20

and indeed are arguably *less* generous given the 90 day service requirement mandated by RCW 4.16.170. Also, plaintiff initiated his cause of action long after the 1991 amendments to the federal rules of civil procedure were adopted.

Most importantly, the same reasoning behind the Ninth Circuit's holdings in *S.J.* and *Sain* applies here as well. That is, because Fed. R. Civ. P. 3 "governs the commencement of federal causes of action using borrowed state statutes of limitations[, t]his means there is no gap to fill and no basis for resorting to state law to determine when the action is commenced."[93] In *Sain*, the Court of Appeals went on to conclude that "as a necessary corollary, . . . the computation of time, for purposes of Rule 3 tolling, is governed by Rule 6(a)."[94] Likewise in *S.J.*, the Ninth Circuit found "the corollary is that Rule 4 controls service of process."[95] The undersigned sees no reason why federal courts should not also apply Fed. R. Civ. P. 15(c)'s relation back provisions on this basis, given that the same rationale applies.

Here, both Fed. R. Civ. P. 15(c)(1)(A) and (B) are satisfied, because Washington allows for relation back of claims or defenses in an amended pleading,[96] and plaintiff's amended complaint asserts claims that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in his original complaint.[97] Prior to 1991, Fed. R. Civ. P. 15(c) provided that "a plaintiff could not relate back the amendment of a defendant's name on the complaint unless the new defendant had notice of the suit prior to the expiration of the statute of limitations."[98] In 1991, Fed. R. Civ. P. 15(c) was amended to provide, as set forth above, "that an

---

[93] *S.J.*, 470 F.3d at 1293.

[94] 309 F.3d at 1138.

[95] 470 F.3d at 1293.

[96] *Dummarce*, 2007 WL 2572315, at *1; WRCP. 15(c).

[97] Dkt. 5; Dkt. 11; Rule 15(c).

[98] *Urrutia v. Harrisburg Cnty. Police Dept.*, 91 F.3d 451, 458 (3rd Cir. 1996).

REPORT AND RECOMMENDATION - 21

amendment would relate back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in Fed. R. Civ. P. 4(m), or 120 days, whether or not the statute of limitations had expired in the interim."[99] Fed. R. Civ. P. 15(c), accordingly, "does not require that a plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time."[100]

In terms of the parties plaintiff added to his amended complaint, it should first be noted that in prisoner cases where amending the complaint is necessary, delay in making the screening determination required by the PLRA "could consume the 120 day period" mandated by Fed. R. CIv. P. 4(m), as it did in this case.[101] The Third Circuit, therefore, has held that "once a plaintiff submits an *in forma pauperis* complaint within the limitations period, and where an amendment will be necessary to cure a defect, the 120 day period . . . is suspended until the district [court] authorizes issuance of the summons and service of the amended complaint."[102] "To hold otherwise would eviscerate the effect of the 1991 amendment to Rule 15(c) and mean that similar *in forma pauperis* actions would be treated differently on the basis of how quickly the magistrate judge and/or district judge acted on them."[103]

The Third Circuit went on to note that "other courts have suspended the running of the statute of limitations during the pendency of an *in forma pauperis* motion," and that "[r]elation back is intimately connected with the policy of the statute of limitations."[104] The Court of

---

[99] *Id.*

[100] *Id.*

[101] *Id.* at 459.

[102] *Id.*

[103] *Id.*

[104] *Id.* (quoting Rule 15(c) advisory committee's note).

REPORT AND RECOMMENDATION - 22

Appeals also saw "a need for 28 U.S.C. § 1915 and Fed. R. Civ. P. 15(c) to operate

harmoniously to avoid denying the benefits of Rule 15(c) to the very plaintiffs who are most

likely to need it."[105] Thus, in sum in the Third Circuit:

> [T]he 120 day period of Rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended once a plaintiff submits the original *in forma pauperis* complaint within the time provided by the statute of limitations, and the § 1915(a) *in forma pauperis* determination is made. The 120 day period remains suspended while the district judge considers the § 1915(d) frivolousness question. If an amendment is necessary to cure defects in the complaint and an appropriate one is proffered, it must be permitted, and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the amended complaint. Upon the entry of that order directing service of the amended complaint, the suspension ends and the 120 day period . . . begins to run.[106]

Adopting the Third Circuit's approach, the undersigned finds the 120-day period for satisfying

the relating back requirements under Fed. R. Civ. P. 15(c) was suspended when plaintiff filed his

original complaint on June 29, 2015. That period remained suspended until the undersigned

directed service of the amended complaint on October 30, 2015. Thus, because plaintiff timely

filed the original complaint before the statute of limitations expired, and because service was

effected within the 120-day period mandated by the federal rules of civil procedure, he has

complied with RCW 4.16.170, and therefore his claims are not barred.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find

plaintiff's claims are not barred by the state statute of limitations, and therefore that it DENY

defendants' motion to dismiss.

The parties have **fourteen (14) days** from service of this Report and Recommendation to

---

[105] *Id.* at 460.

[106] *Id.* (internal citations omitted).

REPORT AND RECOMMENDATION - 23

file written objections thereto.[107] Failure to file objections will result in a waiver of those

objections for purposes of appeal.[108] Accommodating the above time limit, the Clerk shall set

this matter for consideration on **August 26, 2016**, as noted in the caption.

DATED this 9th day of August, 2016.

Karen L. Strombom
United States Magistrate JudgeJo

---

[107] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.
[108] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 24